UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAMMY SHIVE-AYALA,**<br>2439 Mount Carmel Road,<br>Columbia, KY, 42728<br><br>            Plaintiff,<br><br>v.<br><br>**WAYNE PACELLE**<br>3211 Leland Street #3335<br>Chevy Chase, MD 20815-4009;<br><br>**MARTY IRBY**<br>201 Q Street NE<br>Washington, DC 20002-2299;<br><br>AND<br><br>**ANIMAL WELLNESS ACTION FOUNDATION**<br>611 Pennsylvania Avenue SE, #136<br>Washington, DC 20003,<br><br>            Defendants. | Case No. _____<br><br><br><br><br>JURY TRIAL REQUESTED |

### COMPLAINT

COMES NOW, Plaintiff, Tammy Shive-Ayala, through counsel, and files this Complaint against Defendants, Wayne Pacelle, Marty Irby, and Animal Wellness Action for defamation. In support thereof, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.      On August 6, 2020, Wayne Pacelle, Marty Irby, and the Animal Wellness Action Foundation held a press conference and released a 32-page pdf document on the Foundation's website alleging that seven residents of Kentucky, including Plaintiff Shive-Ayala, were violating federal statutes prohibiting gamecock fighting. The press conference was reported on by media local to Plaintiff's community in Kentucky, including TV station WAVE-3 in Louisville,

Kentucky.

## PARTIES

2. Plaintiff Shive-Ayala raises pure-bred fowl and sells to buyers who are seeking to maintain and/or improve the genetic lines of fowl stock both domestically and internationally.

3. Defendant Wayne Pacelle is founder of Animal Wellness Action Foundation and a resident of Chevy Chase, Maryland.

4. Defendant Marty Irby is Executive Director of the Animal Wellness Action Foundation and a resident of the District of Columbia.

5. Defendant Animal Wellness Action Foundation is a Washington, D.C.-based 501(c)(4). It states that its mission is to help animals by promoting legal standards forbidding cruelty, with a focus on the suffering of companion animals, farm animals, and wildlife. The group advocates for policies to stop dogfighting, cockfighting, and factory farming.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the defamation claim pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction). The amount in controversy exceeds the sum or value of $75,000.

7. The claim is between citizens of different states. Plaintiff is a citizen of Kentucky. Defendants are citizens of Maryland, and Washington D.C.

8. Venue is proper under 28 U.S.C. § 1391(b)(3) because there is no district in which this action may otherwise be brought as provided in § 1391(b) and Defendant Animal Wellness Action is subject to this court's personal jurisdiction.

## FACTUAL ALLEGATIONS

9. At a press conference on August 6, 2020, Animal Wellness Action Foundation, a Washington, D.C.-based advocacy group, announced an investigation into seven Kentuckians,

including Plaintiff Shive-Ayala, and stated as a matter of fact that they are in violation of federal criminal law by raising and shipping tens of thousands of birds all around the world to be used in gamecock fighting.

10. The Animal Welfare Act (AWA), 7 U.S.C. § 2131 *et seq*., is a comprehensive regulatory scheme which covers the humane treatment of animals. Among other things, the AWA prohibits participating in an unlawful animal fighting venture and makes it a felony to sell, deliver, or possess animals for participation in an animal fighting venture. 7 U.S.C. § 2156(a)(1),(b).

11. Defendants Pacelle, Irby, and the Animal Wellness Action Foundation stated as a matter of fact that Plaintiff Shive-Ayala was committing a series of felonies by violating the AWA.

12. Animal Wellness Action also produced a written 32-page report that detailed its investigation, and which was published as a press release on its website with hyperlinks to videos embedded in the pdf: https://animalwellnessaction.org/2020/08/06/kentuckians-among-top-traffickers-of-birds-to-philippines-mexico-honduras-for-illegal-cockfighting/ [last accessed 9.4.20].

13. A summary of the report posted on Animal Wellness Action's website stated that possessing and shipping birds for cockfighting are felony offenses under federal law and falsely stated that Plaintiff Shive-Ayala engaged in, and conspired to engage in, the illegal trade.

14. Along with a summary of the report, a statement by Animal Wellness Action Foundation's executive director, Marty Irby, stated that "[t]hese videos, combined with other evidence we've compiled, makes it apparent that these individuals are deeply involved in the cockfighting industry;" and "[l]aw enforcement should put a stop to their lawbreaking and animal cruelty without delay."

15. The report by Animal Wellness Action Foundation, the report's summary, and the statements by Marty Irby were made publicly available on the Foundation's website and are

available to be read by thousands, including friends and family members of Plaintiff Shive-Ayala in her community.

16. On August 6, 2020, in an article posted to its website, WAVE-3 reported on Animal Wellness Action Foundation's press conference concerning the investigation into seven Kentuckians for cockfighting. (https://www.wave3.com/2020/08/06/advocacy-group-investigates-cockfighting-kingpins-stronghold-kentucky/.) WAVE-3 repeated false statements that Plaintiff Shive-Ayala was engaged in a criminal activity in violation of Federal law.

17. WAVE-3 proclaimed that "kingpins of the global cockfighting trade have found a safe haven in Kentucky."

18. WAVE-3 broadcast video clips that included statements made by Wayne Pacelle; Chris Gorman, a former Kentucky Attorney General, and Morgan McGarvey, a Senate Minority leader, calling for changes to state law to add stiffer penalties for cockfighting and calling for federal prosecutors in Kentucky to bring federal charges against Plaintiff Shive-Ayala.

## CLAIMS FOR RELIEF

### COUNT I
### DEFAMATION

*Against all Defendants*

The allegations of the above paragraphs 1-18 are re-alleged and incorporated by reference as if fully set forth herein.

19. To state a claim for defamation under D.C. law, a plaintiff must show:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*Deripaska v. Associated Press*, 282 F.Supp.3d 133, 140–41 (D.D.C. 2017). A statement is defamatory "if it tends to injure plaintiff in his trade, profession or community standing, or lower

him in the estimation of the community." *Howard Univ. v. Best*, 484 A.2d 958, 988 (D.C. 1984).

20. Wayne Pacelle, Marty Irby and Animal Wellness Action Foundation, by and through their representatives, published false and defamatory statements concerning Plaintiff Shive-Ayala without privilege to do so.

21. The false and defamatory statements included, but are not limited to, (1) Plaintiff Shive-Ayala is engaged in an illegal trade in violation of the AWA; and (2) Plaintiff Shive-Ayala committed a series of felonies involving animal abuse and cruelty.

22. The defamatory statements were published without privilege to third parties.

23. Defendants made the false and defamatory statements with full knowledge of their falsity with the intent to cause Plaintiff Shive-Ayala injury to her reputation. Defendants acted with actual malice towards Plaintiff Shive-Ayala and/or in a reckless disregard as to the truth or falsity of the statements and in reckless disregard to the injury publication of such false statement might have on Plaintiff Shive-Ayala's reputation and business relationships.

24. The defamatory statements were made negligently; without reasonable care as to their truth or falsity; with knowledge of their falsity; and/or with reckless disregard for the truth.

25. The statement that Plaintiff Shive-Ayala should be investigated for what amounts to a felony crime for animal abuse or aiding abetting violations of a federal statute is of such type and nature to tend to prejudice Plaintiff Shive-Ayala in the eyes of members of her community in general and business partners and other clients.

26. Defamatory statements at the August 6, 2020 press conference and news report have caused, and will continue to cause, Plaintiff Shive-Ayala injury to her reputation and business relations.

27. Plaintiff Shive-Ayala has suffered, and will continue to suffer, actual injury as a result of injury to her personal and business reputation.

28. The defamatory statements tend to injure Plaintiff Shive-Ayala in her business trade as the allegations call into question the proper operation of Plaintiff Shive-Ayala's farm and fowl raising business. Additionally, the statement subjects Plaintiff Shive-Ayala to distrust, scorn, ridicule, hatred, and contempt.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against the defendants, jointly and severally, as follows:

(1) Consequential and reputational damages in an amount to be proven at trial, but not less than $1,000,000; and,

(2) Punitive damages in an amount sufficient to dissuade similarly situated parties from engaging in similar conduct; and,

(3) Attorneys fees and costs; and,

(4) Such other relief as the Court deems appropriate

Respectfully submitted this 16th day of March 2021,

/s/ John M. Shoreman
John M. Shoreman (#407626)

**MCFADDEN & SHOREMAN, LLC**
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 772-3188/(202) 204-8610 FAX
jmshoreman@verizon.net
*Counsel for Plaintiff*